WADE DUNCAN v. THE STATE.

No. 14142.   Delivered April 15, 1931.

The opinion states the case.

*H. Otto Studer* and *Curtis Douglass,* both of Pampa, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for fishing with artificial bait in the fresh waters of the state; penalty assessed at a fine of $25.

In the information it is charged that the appellant "did then and there unlawfully fish with artificial bait in fresh waters of this state, to-wit, Graham Creek, in Wheeler county, Texas, during the month of April, 1929, to-wit, on the 21st day of April, A. D., 1929."

In article 951, P. C., 1925, it is made unlawful to fish with artificial bait of any kind in the fresh waters of this state during the months of March and April. In the statute it is said further:

"This article shall not apply to any artificial lake, pond or pool, owned by any person, firm or corporation, city or town, that does not

have as its source of water supply a river or creek or is not subject to overflow from a river or creek."

The sufficiency of the information is attacked upon several grounds. Apparently it is defective in failing, by averment, to show that the place where the fishing is alleged to have been done was not within the exception quoted above contained in the statute. See Branch Ann. Tex. P. C., sec. 510, and cases collated, among them, Keith v. State, 58 Texas Crim. Rep., 418, 126 S. W., 569; State v. Duke, 42 Texas, 455.

The testimony of the sole prosecuting witness was to the effect that, using field glasses, he saw the appellant fishing. From his testimony we quote:

"I could not tell what he was fishing with, but I saw something bright gleam and shine in the air as he cast his line into the water. I took this bright article that was on his line to be a spinner. I then went down to where the defendant was. * * * At the time I arrested him, I did not see any spinner on his line, nor did I look or examine his person. I saw a box of fishing-tackle sitting there in his car but did not examine it. * * * I cannot positively swear that it was a spinner which I saw the defendant using. * * * I was not close enough to positively identify it. In my opinion, I took it to be a spinner. * * * I did not examine the defendant to ascertain whether or not he had a spinner on or about his person."

Appellant testified that he was fishing with worms in Simms Lake and did not use a spinner; that he had never used artificial bait in the lake mentioned. Moreover, the proof is wanting that the fishing was in Graham Creek, which was one of the specific averments of the information.

We think the evidence is not sufficient to support the verdict.

The judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*