## GLISS MIZELL v. THE STATE.

### No. 526.   Decided May 4, 1910.

**1.—Occupation—Selling Liquor—Felony—Transferring Case.**

Upon trial for unlawfully pursuing the occupation of selling intoxicating liquors in local option territory, there was no error in refusing a motion to transfer the case from the District to the County Court, as under the Act of the Thirty-first Legislature this offense is a felony. Following Fitch v. State, 58 Texas Crim. Rep., 366, Davidson, Presiding Judge, dissenting.

**2.—Same—Indictment—Date of Offense.**

Where, upon trial for unlawfully pursuing the occupation of selling intoxicating liquor in local option territory, the indictment alleged the date of the sales and the party to whom they were made, and excluded the idea that they were made more than three years apart, it was not necessary to allege that defendant had made at least two sales within three years next preceding the filing of the indictment.

**3.—Same—Form of Indictment.**

See opinion for form of indictment held to be sufficient for charging a violation of unlawfully pursuing the occupation of selling intoxicating liquors in local option territory.

**4.—Same—Charge of Court—Number of Sales.**

Upon trial of pursuing the occupation of unlawfully selling intoxicating liquors in local option territory, the court should have charged the jury that if they found that the defendant was following the business and occupation as alleged, still they could not convict unless the State should prove beyond a reasonable doubt that the defendant while in said business had made at least as many as two or more sales within three years; but there being no objection there was no error.

**5.—Same—Accomplice Testimony—Charge of Court—Form Commended.**

See opinion for model of court's charge on accomplice testimony which is recommended to be used by trial courts.

Appeal from the District Court of Kaufman.   Tried below before the Honorable J. S. Woods.

Appeal from a conviction of unlawfully pursuing the occupation of selling intoxicating liquors in local option territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—Appellant was tried and convicted in the court below under an indictment charging him with the offense of unlawfully engaging in and pursuing the occupation and business of selling intoxicating liquors in violation of the law in the county of Kaufman, which had theretofore adopted local option, which was in force at the time of the offense alleged, the indictment being drawn under the provisions of the Act of the Thirty-first Legislature making it a felony for a person to engage in or pursue the occupation and business of a retail dealer in local option territory. There were two counts in the indictment, one charging an ordinary sale and the second count charging pursuing the business. The case was submitted to the jury on the second count charging pursuing the business and occupation and the trial resulted in a conviction assessing appellant's punishment at two years confinement in the penitentiary.

We find in the record that preliminary to the trial in the court below the defendant made a motion to transfer this case to the County Court of Kaufman County, Texas, because the indictment returned and filed charges an offense which was a misdemeanor, in that the Act of the Legislature making it a felony to unlawfully engage in the business or occupation of selling intoxicating liquors was an Act of the Legislature passed after Kaufman County had adopted local option and that the Legislature could not, after the adoption of local option, impose greater penalties than existed at the time local option was put in operation. The second ground of the motion was to quash the indictment because it failed to allege that defendant had made at least two sales of intoxicating liquors in the county of Kaufman within three years next preceding the filing of this indictment. It is a sufficient answer to the first objection to say that this question has been before this court and carefully considered and that this court has held that the pursuing and engaging in the occupation of retail liquor dealer as a business and making sales thereunder constituted an offense separate from the individual sale, and that it was within the power of the Legislature to make such act a separate and distinct offense from the individual sale and to prescribe a penalty therefor, and that the same could be enforced in any territory where local option prevailed without reference to when the county adopted local option. See Fitch v. State, decided at this term and not yet reported. As to the second ground, that is, that the bill of indictment failed to allege that there were as many as two sales made within three

years as provided by the Act of the Legislature, we are of opinion that the allegation in the bill of indictment sufficiently meets this objection, the allegation being as follows: "Did then and there unlawfully engage in and pursue the occupation and business of selling intoxicating liquors in violation of said law aforesaid and which law aforesaid was then and there in full force and effect in said Kaufman County, and that said Gliss Mizell, did then and there on or about the said date, to wit: December 1, 1909, make two different sales of intoxicating liquors to one Tom Calloway, and on or about said date did then and there make different and other sales of intoxicating liquors in violation of said law to persons to the grand jurors unknown, and did in said county and State, during the months of August, September, October, November and December, 1909, and January, 1910, anterior to the presentment and filing of this indictment make more at least than two sales of intoxicating liquors in violation of said law which was then and there in full force and effect in said Kaufman County." Where the dates are given in the indictment as to when the sales took place and the dates mentioned exclude positively the idea that they were made more than three years apart, we think this is sufficiently specific to show conclusively that the sales took place within the three years. Had the bill of indictment omitted to give the dates of the different sales, it would then have been necessary to show that it was made within the three years, but where the dates of the sale are given and it shows that it was within the three years, this is sufficient. The court, therefore, did not err in failing to quash the indictment. As this is a new question before this court we will, for the guidance of prosecuting officers, set out in full the second count of the indictment in this case, which is as follows: "And the grand jurors upon their oaths aforesaid, do further say and present in said court that in said Kaufman County, Texas, on the 19th day of September, A. D. 1903, an election in accordance with the laws of this State, was held under the authority of an order of the Commissioners' Court of said county, theretofore duly made and published as required by law, to determine whether or not the sale of intoxicating liquors should be prohibited in said county of Kaufman, and the qualified voters at said election did then and there determine that the sale of intoxicating liquors should be prohibited in said county aforesaid, and thereupon the Commissioners' Court of said county aforesaid did pass an order declaring the results of said election, and prohibiting the sale of intoxicating liquors in said county of Kaufman, which order was duly entered of record on the minutes of said Commissioners' Court, and which order was thereafter duly published for four successive weeks in the Kaufman Sun, the said Kaufman Sun being a newspaper then and there published weekly in said Kaufman County and being a newspaper selected in a manner as required by law, by the then County Judge of

Kaufman County, for the purpose of said publication which selection and publication as aforesaid, was duly certified to by the said county judge, and his certificate thereof duly entered on the minutes of said Commissioners' Court as required by law and that thereafter, to wit: on or about the 1st day of December, 1909, and anterior to the present-ment of this indictment one Gliss Mizell in Kaufman County, Texas, did then and there unlawfully engage in and pursue the occupation and business of selling intoxicating liquors in violation of said law aforesaid and which law aforesaid was then and there in full force and effect in said Kaufman County, and that said Gliss Mizell, did then and there on or about the said date, to wit: December 1, 1909, make two different sales of intoxicating liquors to one Tom Calloway, and on or about said date did then and there make different and other sales of intoxicating liquors in violation of said law to persons to the grand jurors unknown, and did in said county and State, during the months of August, September, October, November, December, 1909, and January, 1910, anterior to the presentment and filing of this in-dictment make more at least than two sales of intoxicating liquors, in violation of said law which was then and there in full force and effect in said Kaufman County as aforesaid, against the peace and dignity of the State." We hold that this indictment is valid and commend it to the prosecuting officers as a precedent in drafting indictments for pursuing the occupation and business of a whisky dealer in local op-tion territory.

There is no complaint of the charge of the court in the motion for new trial. The court instructed the jury as follows: "You are further instructed that you can not convict the defendant in this case, in no event, unless the State has shown to your satisfaction by the evidence beyond a reasonable doubt, that the defendant was guilty of following the pursuit, business and occupation of selling intoxicating liquors in Kaufman County, Texas, as alleged in the second count of the indict-ment, and you must also believe from the evidence beyond a reasonable doubt that defendant while in said business or occupation has made as many as two or more sales while following said pursuit or occupa-tion." As before stated, no complaint was made of the charge of the court. However, we are of opinion that the court should have directed the jury that though the jury may find that the defendant was fol-lowing the business and occupation of selling intoxicating liquors, still they could not convict unless the State should prove to their satisfaction beyond a reasonable doubt that the defendant, while in said business and pursuing said occupation, had made at least as many as two or more sales within three years. As no complaint was made of the charge of the court, the case will not be reversed for this error. We simply make this suggestion as indicating our view as to what the court below should give in charge to the jury under this act. In the trial of the

case in the court below, the testimony showed that local option was in force in Kaufman County; that the appellant lived in Kaufman County and during the fall of 1909, and during the cotton picking season, he lived on what was called the Pittman farm, a mile from Cedar Station. The proof further showed that he kept supplies of whisky on hand, sending off and buying from a dozen to two dozen bottles at the time; one time he brought ten quarts of whisky home and at another time he got the witness Reeves to go to Eustace, in Henderson County, and bring back a dozen quart bottles, and that he would peddle this whisky out from his home where he resided with his family; that he gave a dance or two at his house and would sell whisky to his guests. The proof shows beyond dispute that he was engaged in the business and pursuing the occupation and that he sold whisky frequently within the period of four months, from the first of September until the first of February. The witness Reeves lived at his house and testified that the defendant sent him to Eustace to get twelve bottles of whisky at one time and gave him the money to pay for it. Under this testimony the court charged the jury that the witness Reeves was an accomplice in the trial of the cause, and would have to be corroborated before a conviction could be had. This court has been called upon to reverse a great many cases because of the errors of the trial court in giving in charge to the jury the law on accomplice's testimony. A great many trial courts persist in telling the jury that the accomplice's testimony must show or tend to show the guilt of the defendant. This charge has been condemned by this court and for the guidance of district judges, we desire to commend the charge of the trial court in this case upon this subject as a correct charge upon the subject of accomplices. We, therefore, set out the charge in full and call the attention of the trial judges to same. It is a most admirable presentation of the law and meets the objection that is so often before this court and which has been the cause of a great many reversals. The charge is as follows: "You are further instructed that a conviction can not be had under our law upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed, that is, the jury must first believe that the accomplice's testimony is true and that it shows the defendant is guilty of the offense charged against him, and even then you can not convict unless the accomplice's testimony is corroborated by other evidence tending to connect defendant with the offense charged and the corroboration is not sufficient if it merely shows the commission of the offense, but it must tend to connect the defendant with the commission. Now you are further instructed that if you believe from all the evidence before you beyond a reasonable doubt that Ed Reeves was an accomplice in the commission of the offense charged, if any offense was committed, then you are instructed that you can not find the defendant guilty

upon his testimony unless you first believe that the testimony of the said Ed Reeves is true, and that it shows the defendant is guilty as charged in the second count of the indictment, and even then you can not convict the defendant unless you further find that there is other evidence in the case outside of the evidence of Ed Reeves, tending to connect the defendant with the commission of the offense charged in the indictment, and then from all the evidence you must believe beyond a reasonable doubt that the defendant is guilty."

Finding no error in the record the judgment is affirmed.

*Affirmed.*

DAVIDSON, PRESIDING JUDGE (dissenting).—I concur in holding the indictment should charge that it is necessary to aver in the indictment (1) that the party must be engaged in the business of selling liquor in local option territory in violation of law.   (2) That there must be at least two sales in addition to carrying on such business. (3) That the names of purchasers and dates of sale must be stated in the indictment.

But I dissent from the holding that such acts can be punished in local option territory where such law was in operation at time that the law went into effect.   As I understand the law a party can not be punished for its infraction until the voters have voted the law into operation since its passage or enactment.   The law can not act *ex post facto* or retroactively and operate in territory already under the local option law.   Lewis v. State, decided at present term.