## ARTHUR MURPHY v. THE STATE.

### No. 672. Decided June 1, 1910.

**Local Option—Indictment—Time and Place of Sales.**

Where, upon trial of pursuing the business of selling intoxicating liquors in local option territory, the indictment failed to allege the time and place of the sales as well as the names of the parties to whom the sales were made, the same was fatally defective. Following Fitch v. State, 58 Texas Crim. Rep., 366, and other cases.

Appeal from the District Court of Fannin. Tried below before the Hon. Ben H. Denton.

Appeal from a conviction of unlawfully pursuing the business of selling intoxicating liquors in local option territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*S. F. Leslie,* for appellant.

*John A. Mobley,* Assistant Attorney-General, and *R. L. Lattimore,* District Attorney, for the State.

McCORD, JUDGE.—Appellant was convicted for pursuing the business of selling intoxicating liquors in the county of Fannin, after the people had adopted local option, and his punishment assessed at confinement in the penitentiary for two years.

The indictment in this case charges that the defendant on or about the 28th day of December, 1909, "did then and there unlawfully and not as permitted by law, engage in and pursue the occupation and business of selling intoxicating liquors without having been either permitted or authorized by law to sell intoxicating liquor in said Fannin County and without him, the said Arthur Murphy, having procured any license to sell intoxicating liquors and to engage in and pursue the occupation and business of selling intoxicating liquors in said Fannin County, Texas, and after an election had been held by the qualified voters of said county in accordance with law to determine whether or not the sale of intoxicating liquors should be prohibited in said county, and such election had resulted in favor of prohibition in said county," etc. In the court below appellant made a motion to quash the indictment because it failed to allege the time and place at which the sales of liquor were made, and failed to give the names of the parties to whom the sales were made. We

are of opinion that the bill of indictment is fatally defective in failing to allege the time and place of the sales as well as the names of the parties to whom the sales were made. See Fitch v. State, decided at this term and not yet reported; see also the case of Mizell v. State, decided at this term of the court and not yet reported, in which last case the indictment for pursuing the business and occupation of selling intoxicating liquors in local option territory was set out in full and the same was approved by this court as a valid indictment under the law.

The judgment is reversed and the cause is dismissed.

*Reversed and dismissed.*