Felix Payne v. The State.

No. 814. Decided November 16, 1910.

**1.—Local Option—Indictment—Punishment—Repeal.**

The Act of the Legislature changing the punishment from a misdemeanor to a felony for a violation of the local option law, did not repeal the law as it then existed, and the court properly overruled a motion to quash the indictment on this ground. Following Lewis v. State, 58 Texas Crim. Rep., 351.

**2.—Same—Bills of Exception—Practice on Appeal.**

Where the appellant complained that he was not ready for trial in the lower court and withdrew his announcement, but there were no bills of exception in the record, the matter could not be reviewed on appeal.

Appeal from the County Court of Sabine. Tried below before the Hon. J. H. McGown.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the penitentiary.

The opinion states the case.

*Hamilton & Minton,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of violating the local option law, his punishment being assessed at a fine of $25 and twenty days imprisonment in the county jail.

There was a motion made to quash the indictment on the ground that the Act of the Twenty-ninth Legislature elevating the punishment from a misdemeanor to a felony for violating the local option law repealed the local option law as it then existed, and that the punishment prescribed by the last Act of the Legislature took the place of and superseded the punishment for such violations as misdemeanors. The same question was discussed in the case of Lewis v. State, 58 Texas Crim. Rep., 351, 127 S. W. Rep., 808. This question was there thoroughly reviewed in an exhaustive opinion by Judge Ramsey, and concurred in by the entire court. We deem it unnecessary to review the matter further, and are of opinion that the question was there decided correctly and in accordance with the unbroken line of authorities.

The other questions suggested in the motion for a new trial can not be reviewed in the absence of a statement of facts, as they relate to the sufficiency of the evidence, except the fourth and fifth grounds. In the fourth ground appellant says the court erred in overruling his motion to withdraw his announcement of ready for trial and continue the case on account of the inability of the defendant to secure the attendance of his witnesses; and in the fifth ground he says the court erred in admitting testimony of the witness Dick

Canton. These matters are not presented by bills of exception, and, therefore, can not be reviewed.

The judgment is affirmed.

.  *Affirmed.*