Joe Nelson v. The State.

No. 884.    Decided January 2, 1911.

1.—Local Option—Indictment.

Where, upon trial of a violation of the local option law, the indictment followed approved precedent there was no error. Approving Mizell v. State, 59 Texas Crim. Rep., 226.

**2.—Same—Ex Parte Statement—Practice on Appeal.**

Upon appeal from a conviction of a violation of the local option law, an ex parte document that the felony local option law was passed after local option was adopted in the county of the prosecution, could not be considered.

Appeal from the District Court of Camp. Tried below before the Honorable R. W. Simpson.

Appeal from a conviction of a violation of the local option law; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—In this case appellant was convicted in the District Court of Camp County on May 26th of last year of. unlawfully engaging in the sale of intoxicating liquors, and his punishment assessed at confinement in the penitentiary for a period of two years.

As the record comes to us it contains neither statement of facts nor bills of exception, and there are but few questions that can be reviewed by us..

1. The indictment charges an offense against the laws of this State. It follows closely the form approved in Mizell v. State, 59 Texas Crim. Rep., 226, 128 S. W. Rep., 125, and negatives the exception contained in the statute.

2. There is an instrument filed in this court moving us to reverse and dismiss the judgment of the lower court, because it is averred that the law making it a felony to engage in the business and occupation of selling intoxicating liquors in local option territory was passed and went into effect after the people of Camp County had voted upon and adopted local option. Attached to this motion and in support of it is filed a certified copy of the order. of the Commissioners' Court declaring the result of said election. It must seem manifest that this can not be considered by us. If we could consider such ex parte papers at the instance of the appellant, it would follow logically that the State might in this way aid statement of facts or supply their absence. This practice would lead to gross abuses and greatest injustice, and is not to be tolerated. The judgment is affirmed.

*Affirmed.*