### Dan Callicoatte v. The State.

No. 885.   Decided March 1, 1911.

**Illegal Sale of Intoxicating Liquors—Local Option—Indictment—Sufficiency of the Evidence.**

Where, upon trial of illegally selling intoxicating liquors as a business in violation of the local option law, the indictment followed precedent, and the evidence sustained the conviction, the judgment will not be disturbed.

Appeal from the District Court of Camp. Tried below before the Hon. R. W. Simpson.

Appeal from a conviction of a violation of the local option law; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—The appellant was convicted of unlawfully engaging in and pursuing the occupation and business of selling intoxicating liquors in Camp County, Texas, a county where prohibition is in force, and his punishment assessed at two years confinement in the State penitentiary.

There are no bills of exception in the record, and the motion for a new trial only raises the question of the insufficiency of the evidence to sustain the verdict. The evidence is amply sufficient to support the verdict of the jury. Chas. Duncan, Will Brown, Ed Duffey, Charlie Wade, John Ashaway, Bill Shaw, John Craig, Andy Adams, and others testify they had purchased whisky from defendant in Camp County on divers occasions and at different times.

The indictment in this cause is in exact terms of Mizell v. State, 59 Texas Crim. Rep., 226, 128 S. W. Rep., 125, and approved in Slack v. State, decided at this term of court.

The judgment is affirmed.

*Affirmed.*