## JOE ALEXANDER v. THE STATE.

' No. 953.   Decided March 1, 1911.

Rehearing Denied May 3, 1911.

**1.—Occupation—Intoxicating Liquor—Indictment.**

Where, upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, the indictment followed approved precedent, the same was sufficient.

**2.—Same—Law in Force—Felony.**

Where, upon trial of unlawfully pursuing the occupation of selling intoxicating liquors in local option territory, it was shown that the local option law went in force in the county of the prosecution, after the felony act became effective, there was no error.

**3.—Same—Sufficiency of Evidence.**

Where, upon trial of unlawfully pursuing the occupation of selling intoxicating liquor in local option territory, the testimony was relevant to the issues in the case, there was no error in overruling objections thereto.

Appeal from the District Court of Comanche. Tried below before the Hon. J. H. Arnold.

Appeal from a conviction of unlawfully pursuing the occupation of selling intoxicating liquors in local option territory; penalty, two years imprisonment in the penitentiary.

The indictment alleged, after alleging that an election was held and local option in favor, etc., that the defendant, in violation of law pur-

sued the occupation and business of selling intoxicating liquors in local option territory during the months of January, February and March, 1910, and specifically alleged that he had so sold such liquor to a person named therein on or about the 18th, 22nd and 27th of January, 1910, alleging each as a separate sale.

The State's testimony showed, that local option went in force in the county of the prosecution August 16, 1909, by the introduction in evidence of the various orders of the Commissioners' Court, etc., that the defendant had not paid his occupation tax (to which defendant objected because the indictment did not charge that he was pursuing the occupation without a license); that during the months of November and December, 1909, and January, February, March and April, 1910, defendant received from the express company some half dozen or more consignments marked "intoxicating liquors," and that they contained from four to twelve quarts of whisky (to this testimony defendant objected because the time varied with that alleged in the indictment); that the person named in the indictment purchased at four different times in January, 1910, whisky from the defendant, and that a person not named in the indictment, purchased from him once in January, 1910 (to the latter testimony defendant objected because the person's name was not alleged in the indictment); that when the express company delivered the different consignments as above described, to defendant, he signed delivery sheets therefor, and these were introduced in evidence after a State's witness testified that he saw defendant sign some of them, and that the signature on all appeared the same (to this defendant objected because the delivery sheets did not cover the time alleged in the indictment, and the witness had not qualified himself as an expert on handwriting); that these receipts showed defendant's name and the name of the shipper, and the dates when delivery was made, as above stated; that liquor was shipped by a certain liquor dealer in the place from which these consignments came, who had the name which appeared on the delivery sheets, or at least that they were prepared for shipment, but it was not shown that they went to defendant (to this testimony defendant objected, upon the ground of hearsay, etc.).

Defendant showed that he was a laborer, and that he worked at various things to earn a livelihood.

*J. R. Stubblefield,* for appellant.—On question of insufficiency of indictment: Sutphen v. State, 59 Texas Crim. Rep., 500; 129 S. W. Rep., 144; Keith v. State, 58 Texas Crim. Rep., 418; 126 S. W. Rep., 569; Williamson v. State, 41 Texas Crim. Rep., 461; 55 S. W. Rep., 568; Gamble v. State, 57 S. W. Rep., 95.; Snearley v. State, 40 Texas Crim. Rep., 507; 52 S. W. Rep., 547; Snead v. State, 55 Texas Crim. Rep., 583; 117 S. W. Rep., 983.

*C. ·E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—In this case the appellant was indicted in the District Court of Comanche County, charged with pursuing the occupation of selling intoxicating liquors, prohibition being in force in said county. Upon a trial he . was convicted and sentenced to two years in the penitentiary.

The appellant makes the same contention as to the invalidity of the indictment, and that law prohibiting the pursuing of the occupation of selling intoxicating liquors not being in force in Comanche County, as is made in the case of Slack v. State, this day decided. For the reasons stated in that opinion, we hold the court did not err in overruling the motion to quash the indictment, and in holding the law in force in Comanche County.

There are several exceptions to the admissibility of testimony. The testimony was admissible as defendant was charged with pursuing the occupation of selling intoxicating liquors in violation of law, and all this testimony had a bearing on this issue.

· The judgment is affirmed.

*Affirmed.*

DAVIDSON, Presiding Judge (dissenting).—For reasons given in dissenting opinions in Slack v. State, Bell v. State, and Dozier v. State, this day decided, I dissent from the majority in this case. [Rehearing denied May 3, 1911.—Reporter.]