### Jesus Jaramillo v. The State.

#### No. 1736.   Decided May 1, 1912.

#### Rehearing denied June 5, 1912.

**1.—Occupation—Intoxicating Liquors—Local Option—Indictment.**

Where, upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, the indictment followed approved precedent the same was sufficient. Following Mizell v. State, 59 Texas Crim. Rep., 226.

**2.—Same—Constitutional Law.**

The law against unlawful engaging in and pursuing the occupation and business of selling intoxicating liquors in local option territory in constitutional. Following Slack v. State, 61 Texas Crim. Rep., 372, and other cases.

**3.—Same—Precedent.**

Where the questions raised by appellant have been adversely decided, it is unnecessary to consider same on appeal.

**4.—Same—Indictment—Then and There.**

Where all the matters, which defendant claimed were omitted, are clearly embraced in the language of the indictment, which charges that they were then and there done, etc., there was no error. Following Moreno v. State, 64 Texas Crim. Rep., 660, and other cases.

**5.—Same—Special Judge—Bill of Exception.**

Where the complaint, in motion for new trial, that the special judge who presided in the case was never legally qualified or elected, was not presented by bill of exceptions, the same could not be considered on appeal; besides, the judge was qualified.

**6.—Same—Sufficiency of the Evidence.**

Where, upon trial of unlawfully engaging in the occupation of selling intoxicating liquors in local option territory, the evidence sustained the conviction, there was no error.

**7.—Same—Bill of Exception.**

In the absence of a bill of exceptions, an objection to the admission of certain testimony can not be considered on appeal.

Appeal from the District Court of Hays. Tried below before the Hon. H. G. Henne, Special Judge.

Appeal from a conviction of unlawfully pursuing the occupation of selling intoxicating liquors in local option territory; penalty, five years imprisonment in the penitentiary.

The State's testimony shows that the defendant conducted a general mercantile establishment, and had several persons working for him; that at different times in the year 1911, drunken men had been seen and arrested in and about his store; that the sheriff with a search warrant for the search of intoxicating liquors found a barrel of wine in said store about two-thirds full, also a barrel of cider, and a large quantity of beer and whisky on the defendant's premises; that the wine was analyzed by a chemist and found to be intoxicating; that the parties alleged in the indictment, and many others, purchased from defendant intoxicating liquors under the name of cider during the year 1911, and about the time charged in the indictment; that these purchases were partly made from the defendant himself and partly from his employes, that defendant was generally present; that the wine was found down-stairs in the back of the house, and the whisky upstairs, and that there was a dozen bottles of beer in the ice box; that there was more beer in a little plank shanty in the back yard, the officers finding about seventy-five or more pint bottles of beer; that defendant would bring whisky in his valise in getting off the train, and that he frequently bought beer and other intoxicating liquors in larger quantities in nonlocal option territory, etc., and that he had it stored away in out houses which were locked at the time of the search; that local option was in force since 1906, etc.

*L. B. Camp,* for appellant.—On the question of the insufficiency of the indictment: Keith v. State, 58 Texas Crim. Rep., 418; Snead v. State, 55 Texas Crim. Rep., 585; Sutphen v. State, 129 S. W. Rep., 144; Hewitt v. State, 25 Texas, 722; Huntsman v. State, 12 Texas Crim. App., 619; Art. 440, Code Crim. Proc.; Art. 3, sec. 56, 57, Constitution of Texas.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—On September 28, 1911, appellant was indicted for unlawfully engaging in and pursuing the occupation and business of selling intoxicating liquors in Hays County, in violation of the prohibition law which had' properly theretofore been put in force in said county. He was convicted and his penalty fixed at five years in the penitentiary.

The indictment is substantially, if not literally, in accordance with the indictment in the case of Mizell v. State, 59 Texas Crim. Rep., 226, 128 S. W. Rep., 126.

Appellant made a motion to quash the indictment and in arrest of the judgment, in many ways attacking the constitutionality of the law under which this prosecution was had, and the indictment in this particular case. It is unnecessary to state these grounds. They are substantially the same that have heretofore been passed upon repeatedly by this court and the validity of the law and of the indictment both sustained against appellant's contention. Fitch v. State, 58 Texas Crim. Rep., 366, and many cases since then decided by this court following that case; Mizell v. State, 59 Texas Crim. Rep., 226, 128 S. W. Rep., 125; Slack v. State, 61 Texas Crim. Rep., 372, 136 S. W. Rep., 1073; and many other cases unnecessary to cite. The said questions raised by appellant have been so thoroughly considered and discussed in the cases heretofore decided by this court that it is unnecessary to further discuss any of them.

Some of appellant's objections to the indictment claim that the allegations thereof do not show when the specific alleged sales were made, nor that the appellant is charged to have been engaged in and pursuing the said business during the months of January to July, 1911, inclusive, nor that the transactions occurred in Hays County. All of these matters are clearly embraced in the language of the indictment which charges that they were "then and there" done and occurred, etc. The "then and there" referring back and clearly embracing the specific dates in said Hays County. Moreno v. State, 64 Texas Crim. Rep., 660, 143 S. W., 160; de los Santos v. State, recently decided but not yet reported.

Appellant complains in his motion for new trial, but not otherwise, that the special judge who presided in this case was never legally qualified or elected. This not being presented by bill of exceptions so as to show the facts, we think it is not properly presented. However, even if it is, the record before us clearly shows that he was legally elected and duly qualified and acted as special judge.

Another complaint by appellant is that the verdict of the jury is contrary to the law and the evidence. We have carefully gone over the whole evidence. The testimony in the case was uncontradicted. In our opinion it clearly, fully and amply, in every way, showed the guilt of the appellant and the verdict is strictly in accordance with and fully supported by all the testimony. It is unnecessary for us to give it here.

Some complaints are made in the motion for new trial to the admission of certain testimony. The motion, even, does not present it full enough so that we could consider it, if it were not necessary to present such questions by bill of exceptions, but as such questions can be reviewed by us only when presented by proper bill of exceptions, no error is presented.

We have carefully gone over all of appellant's motion for new trial and in arrest of judgment and there is no reversible error shown by anything therein. The judgment will be affirmed.

*Affirmed.*

[Rehearing denied June 5, 1912.—Reporter.]