## CHARLIE FLOWERS v. STATE.

No. 2153.    Decided December 18, 1912.

Rehearing Denied January 15, 1913.

**1.—Occupation—Selling Intoxicating Liquors—Local Option.**

In the absence of a bill of exceptions to the overruling of a motion for continuance or postponement, the matter cannot be considered on appeal; besides, the absent testimony was immaterial.

**2.—Same—Indictment.**

Where the indictment followed approved precedent, there was no error. Following Mizell v. State, 59 Texas Crim. Rep., 226, and other cases.

**3.—Same—Charge of Court—License.**

Upon trial of following the occupation of selling intoxicating liquors in local option territory, there was no error in the court's refusal of a requested charge that the party selling must procure a license, etc.

**4.—Same—Evidence—Recalling Witness.**

Where defendant took the witness stand and testified, there was no error in recalling him as a witness for further examination by the State. Following Mendez v. State, 29 Texas Crim. App., 608.

**5.—Same—Sufficiency of the Evidence.**

Where, upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, the evidence supported the conviction, there was no error.

Appeal from the District Court of Upshur. Tried below before the Hon. R. W. Simpson.

Appeal from a conviction of pursuing the occupation of selling intoxicating liquors in local option territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*M. B. Briggs* and *C. E. Florence* and *Maberry & Maberry*, for appellant.

*C. E. Lane*, Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted, prosecuted and convicted of pursuing the occupation of selling intoxicating liquors in prohibition territory, and his punishment assessed at two years confinement in the State penitentiary.

In his motion for a new trial appellant complains that the court erred in not granting him a postponement or continuance on account of the absence of two witnesses. There is no such motion in the record, if any was made, and no exception reserved to the action of the court in overruling it, if one was made, consequently it is not presented in a way we are authorized to review it. But if made, and the defendant expected to prove by them what he states in his motion for new trial, in the light of the evidence on the trial such testimony would be wholly immaterial.

The complaint as to the indictment has been frequently passed on by this court and held adversely to his contention. Mizell v. State, 59 Texas Crim. Rep., 226; Nelson v. State, 61 Texas Crim. Rep., 55; Alexander v. State, 61 Texas Crim. Rep., 370; Slack v. State, 61 Texas Crim. Rep., 372.

In a special charge he requested the court to instruct the jury, "that to engage in the occupation of selling intoxicating liquors in local option territory the party selling must procure a license and enter into bond to sell such liquor as a druggist," etc. This is not the law, and the court did not err in refusing it. A party may engage in the business or occupation without obtaining a license.

The defendant took the witness stand and testified in his own behalf, and was cross-examined by the State. Later the State asked him to again take the stand that it might further question him. This was objected to by defendant on the ground that he could not be compelled to testify against himself. This question is fully discussed in an opinion by Presiding Judge Davidson in Mendez v. State, 29 Texas Crim. App., 608, and it was there held the State had the right to recall a defendant for further examination, and this rule has always been adhered to. For a list of authorities collated see White's Code of Criminal Procedure, secs. 966 and 967. And our Procedure, in Article 698, provides that evidence may be admitted at any time before

the conclusion of the argument when the court deems it necessary to the due administration of justice.

There are other grounds in the motion for new trial, and we have carefully gone over each, and none of them present error. The evidence amply supports the verdict, and the judgment is affirmed.

*Affirmed.*

[Rehearing denied January 15, 1915.—Reporter.]