IRA JOHNSON v. THE STATE.

No. 3566. Decided May 26, 1915.

1.—Poll Tax Receipt—Indictment—Duplicitous Pleading.

Where the indictment was so drawn as to contain in one count a misdemeanor and a felony and two separate and distinct offenses, the same was duplicitous.

2.—Same—Negative Exceptions.

It is not necessary for the indictment to negative the exceptions in the statute; these were matters of defense. Following Mizzell v. State, 59 Texas. Crim. Rep., 226, and other cases.

3.—Same—New Indictment.

See opinion suggesting that a new indictment be found, ordering the case back to the District Court for further orders.

Appeal from the County Court of Palo Pinto. Tried below before the Hon. J. T. Ranspot.

Appeal from a conviction of unlawfully obtaining a poll tax certificate; penalty, a fine of $350.

The opinion states the case.

*Moyers & Creighton,* for appellant.—On question of negativing exceptions in indictment: Salter v. State, 73 S. W. Rep., 395; Byrd v. State, 59 Texas Crim. Rep., 513, 129 S. W. Rep., 620; Rice v. State, 38 S. W. Rep., 80.

On question of duplicitous pleading: Heineman v. State, 22 Texas

Crim. App., 44; Hickman v. State, 22 id., 441; Wood v. State, 84 S. W. Rep., 1058.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of sufficiency of indictment: Solon v. State, 54 Texas Crim. Rep., 261.

PRENDERGAST, PRESIDING JUDGE.—Appellant was tried and convicted in the County Court for a misdemeanor.

The main question is as to the sufficiency of the indictment so far as a conviction in the County Court is concerned.

After the necessary preliminary, and closing, allegations, which are regular, the indictment avers: That on January 30, 1914, in said county, appellant "did then and there unlawfully and knowingly become the agent of D. E. Ethridge for the purpose of obtaining the receipt for the said D. E. Ethridge for poll tax for the State of Texas and County of Palo Pinto, due by the said D. E. Ethridge to the said State and county for the year A. D. 1913, and as said agent the said Ira Johnson did unlawfully pay the tax collector of Palo Pinto County, State of Texas, the poll tax due by the said D. E. Ethridge to the State and county aforesaid for the year A. D. 1913, and did then and there and thereby obtain the receipt for said poll tax for the said D. E. Ethridge."

Appellant claims, and properly raised the question, that this indictment was duplicitous in that in the same count it charged both a misdemeanor and a felony.

Article 229, Penal Code, is: "Any person who knowingly becomes agent to obtain a poll tax receipt or certificate of exemption, except as provided by this act, or anyone who gives money to another to induce him to pay his poll tax, is guilty of a misdemeanor."

Article 233, Penal Code, is: "Any candidate for office or other person who pays or procures another to pay the poll tax of a citizen, except as is permitted by law, is guilty of a felony, and shall be punished by confinement in the penitentiary not less than two nor more than five years."

It will be clearly seen from these two articles that they make two separate and distinct offenses,—one, a misdemeanor, the other, a felony. The indictment, we think, clearly embraces both and is unquestionably duplicitous, which is bad pleading. Sec. 383, White's Ann. C. C. P., and cases therein cited.

Clearly article 229 makes it a misdemeanor for any person to knowingly become the agent of another to obtain for him a poll tax receipt or certificate of exemption. If the allegations of the indictment herein had stopped when it alleged that appellant "did then and there unlawfully and knowingly become the agent of D. E. Ethridge for the purpose of obtaining the receipt for the said D. E. Ethridge for poll tax for the State of Texas and County of Palo Pinto, due by the said D. E. Ethridge to the said State and county for the year A. D. 1913,"

and then, of course, concluded, as it did, "against the peace and dignity of the State," the indictment would have charged a misdemeanor. It was not necessary in alleging a misdemeanor to further charge that, as said agent, he paid the tax to the tax collector and then and thereby obtained a receipt therefor. In making the proof on trial, such proof would be proper in order to make out the offense charged as a misdemeanor.

So if the indictment had charged that said appellant "did then and there unlawfully and knowingly pay the tax collector of said county the poll tax due by the said Ethridge to the State and county for the year 1913," etc., the indictment would have charged a felony, and the additional allegation that he did then and thereby obtain the receipt for said poll tax would not have vitiated the indictment for a felony.

And, likewise, whether this latter allegation was made or not, proof would have been admissible on the trial that he did obtain the receipt in order to help make out the proof that he unlawfully paid the tax collector the poll tax of Ethridge.

In an indictment for either the misdemeanor or felony, it was not necessary for it to negative the exceptions in either of said articles further or other than it was done by stating that he did then and there unlawfully and knowingly, etc. The exceptions in other articles of the law, were matters of defense and the indictment did not have to negative them. Mizell v. State, 59 Texas Crim. Rep., 226; Murphy v. State, 59 Texas Crim. Rep., 479; Sutphen v. State, 59 Texas Crim. Rep., 500; Payne v. State, 60 Texas Crim. Rep., 322; Slack v. State, 61 Texas Crim. Rep., 372, and authorities cited in the opinions in these cases.

It occurs to us that in any event, if prosecution is continued, another indictment should be drawn so as to charge either a misdemeanor or felony without being encumbered with the allegations of the other offense. Clearly, a party could be prosecuted for both offenses,—one for unlawfully and knowingly becoming the agent of another to obtain a poll tax receipt or certificate for him, a misdemeanor; and also for paying the poll tax of another whether he did so as agent or not, a felony.

Under the circumstances this case was improperly transferred from the District Court to the County Court. The case will be reversed with instructions to the County Court to transfer the case back to the District Court for disposition in the District Court in accordance with this opinion. Reversed with instructions.

*Reversed with instructions.*