Nov. Term,
1854.

HOWARD
v.
THE STATE.

---

## HOWARD v. THE STATE.

On the trial of a complaint for retailing, under the liquor act of 1853, the Court instructed the jury that if they should find that the defendant sold, &c., a spirituous liquor by a less quantity, &c., in, &c., since, &c., without license, they should find him guilty. *Held*, that retailing for sacramental, mechanical, chemical, medicinal, or culinary purposes, being authorized by the act, and there being some evidence to show that the selling was for some of the excepted purposes, the instruction was erroneous.

Saturday,
December 9.

APPEAL from the *Decatur* Circuit Court.

PERKINS, J.—Complaint against *Samuel Howard* for retailing. Conviction and fine. The Court instructed the jury, that if they found that "the defendant sold to *Payton H. Barkley* a spirituous liquor by a less quantity than one gallon, in *Decatur* county, since the 19th day of *March*, 1853, without license, they should find him guilty," &c.

The statute (Laws of 1853, p. 87,) enacts that no person shall retail spirituous liquors, "except for sacramental, mechanical, chemical, medicinal, or culinary purposes, without," &c. For those specified purposes the party may retail

without license, and the instruction should have so inform- <span style="float:right">Nov. Term,<br>1854.</span>
ed the jury. It was for them to say, under the evidence in
the case, whether the selling complained of was for any of <span style="float:right">Mix<br>v.<br>Ellsworth.</span>
the excepted purposes. There was some evidence tending
to show that such was the fact.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*O. B. Hord, J. R. Coverdill,* and *C. S. Parrish,* for the appellant.

*M. J. Williams,* for the state.