## THE STATE v. FELIX WILBURN.

The same question decided and principle re-affirmed as in the case of Hewitt v. The State.

Although it is irregular for the District Court to set aside an indictment without the exceptions to it are in writing, and presented at the proper time, yet in such case, where the indictment is dismissed because the same is clearly defective, the judgment will be affirmed.

APPEAL from Shelby. Tried below before the Hon. A. W. O. Hicks.

The indictment was filed May 1, 1858, and charged that "Felix Wilburn, on the first day of March, in the year of our Lord eighteen hundred and fifty-eight, in the county of Shelby, did retail intoxicating liquors in quantities less than one quart, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State." The defendant was put on trial, plead not guilty, and a jury empanneled and sworn. The record reciting the above proceedings adds: "And now comes the defendant by his attorney, and submits the indictment in this case to the court, and the same being seen and considered, the matters therein set forth and charged appearing to the satisfaction of the court to be not indictable, this case is, therefore, taken from the jury, and the same dismissed from the docket by the court; it is, therefore, ordered, decreed and adjudged by the court that the State of Texas have nothing by this suit, and that the defendant go hence without day, and be not required to answer further herein." From the judgment the State appealed.

*Attorney-General*, for the appellant.—The indictment is for retailing intoxicating liquors in less quantities than one quart, under the act of February 2, 1856.

The case came on for trial at the Spring Term of the District Court for Shelby county, A. D. 1859; the parties announced themselves ready for trial, and a jury was empanneled and sworn to try this case. There were no exceptions to the indictment, and no motion made by the accused to quash the indictment. It seems

The State v. Wilburn.

that the counsel for the accused simply submitted the indictment to the court after the case had gone to the jury, whereupon the court withdrew the case from the jury and dismissed the same from the docket of the court. The rule requiring exceptions to be in writing is peremptory. (Code Crim. Proc., Art. 489.) And certainly there is no law authorizing the judge to dismiss a case of his own motion. If the rules of criminal procedure be disregarded with propriety in one case, they may in all.

The consequence of which will be that we will have no rules of pleading or procedure in criminal cases, excepting those which may exist in the discretion of the presiding judge.

It is not seen upon what ground the indictment was quashed, and this illustrates the necessity for the rule requiring all motions and exceptions, by which an indictment is disposed of, to be in writing. The law under which the indictment was found, was decided by this court to be in force in the case of Cain v. The State, 20 T. R., 355. The offence is charged in clear and unmistakable terms, and the facts charged certainly constitute an offence.

The language of the statute is used in charging the offence, excepting that the word "retail" is used instead of the word "sell." I need not argue the proposition that these two words are of equivalent import, and this court has frequently decided that words substantially the same as those words in the statute, are sufficient in charging the offence against the statute.

*R. S. Walker*, for the appellee.

ROBERTS, J.—The objection to the indictment in this case is the same as that presented in the case of Hewitt v. The State, just decided. The mode of setting aside the indictment by the court below, without formal exceptions, may be irregular. But the indictment being clearly defective for the reasons just announced in the case of The State v. Hewitt, the judgment will be affirmed.

Judgment affirmed.