[No. 20217. Department One. — September 24, 1886.]

## THE PEOPLE, RESPONDENT, *v.* LEE WAH, APPELLANT.

PRACTICING MEDICINE WITHOUT CERTIFICATE — CASE OF EMERGENCY. — Under the act of April 3, 1876, as amended April 1, 1878, the mere fact that a sick person has been given up as incurable by physicians of the schools provided for by the statutes does not create a case of emergency authorizing a person who has not procured a medical certificate to render him gratuitous medical services. A case of emergency within the meaning of the statute is one in which the ordinary and qualified practitioners are not readily obtainable.

ID. — INSTRUCTIONS. — Certain instructions quoted in the opinion, *held*, not conflicting.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*William L. Gill*, for Appellant.

*Attorney-General Marshall*, for Respondent.

MYRICK, J. — The defendant was accused of a misdemeanor in that he did willfully and unlawfully engage in the practice of medicine without having procured a certificate as provided by the act of April 3, 1876 (Statutes

1875–76, p. 792), and the act of April 1, 1878 (Statutes 1877–78, p. 918).

The uncontradicted facts are, that the defendant had a place of business in San José, at which he kept herbs. Two women (called as witnesses for the prosecution) went to his place of business, stated to him their ailments, and asked if he could give them herbs to effect cure; he said he could; he prepared herbs of his own selection and delivered them to the women, who took the herbs to their homes and made and drank teas. They paid him at times ten dollars per week; at other times six dollars per week; the payments were made regularly without reference to the kind or amount of herbs, and continued several weeks,—in one case ten weeks. The women testified that they did not pay him for medical services, but for the herbs only. The jury must have been of opinion that both the herbs and services were paid for.

At the request of the defendant the court instructed the jury that if they believed the services testified to were rendered gratuitously, and were rendered in each particular instance in case of emergency, a verdict of not guilty should be rendered. The court then proceeded to define "an emergency," within the meaning of the statute (which declares that nothing therein contained should be construed to prohibit gratuitous services in cases of emergency), as follows:—

"The question is, What is an emergency? Two ladies have testified before you and stated that their condition was deplorable; that they consulted in vain other physicians, and that they regarded themselves and were regarded by their friends and physicians as incurable; and that they repaired to this defendant as a last resort. *The ladies stated upon their part it was an emergency, an exigency in which death on the one hand and submitting themselves to that treatment on the other were the only alternatives. I instruct you that the emergency contemplated by the statute is not such as this case suggests. It means a case*

LXXI. CAL.—6

*in which the ordinary medical practitioners of the schools provided for by the statute, who are provided with the proper diplomas, and submitted themselves to the proper examination, are not readily obtainable.* This is an emergency as where the exigency is of so pressing a character that some kind of action must be taken before such parties can be found or procured. The jurors will readily understand that if a person has received an injury *in a remote isolated part of the county,* in which some person not a regular practitioner should be called upon to render immediate assistance, and should render it, as in the case of a severe injury, a case of obstetrics or the like, *such instance would be an emergency, which would justify a party in rendering assistance,* and that humanity and decency would require he should not be liable in a criminal prosecution for so doing. So some person might get hurt, or faint, or fall in a fit in the street, and a person might render him assistance and thus relieve him from pressing danger. We all understand that is an emergency. In that case no party should decline to render assistance, or be criminally prosecuted for so doing. If, however, a party is satisfied that another school of physicians or another individual can render him more efficient aid, more beneficial services than others, and he therefore seeks his aid, that is not such an emergency as the statute contemplates."

The appellant urges that these instructions are contradictory. The court left with the jury the question as to whether medical services were rendered gratuitously or for pay; and in effect told them if services were rendered gratuitously and in emergency, they should acquit, but that the circumstances detailed in the testimony did not constitute "emergency" within the meaning of the statute. We see no contradiction.

The evidence was sufficient to justify the verdict. This disposes of all the points made by appellant.

Judgment and order affirmed.

Ross, J., and McKinstry, J., concurred.