## J. M. SALTER V. THE STATE.

### No. 2586. Decided March 25, 1903.

**Unlawfully Practicing Medicine—Indictment—Negativing Statutory Exceptions.**

An indictment for unlawfully practicing medicine, brought under the Act of February 22, 1901, to be sufficient, must negative the exceptions contained in said act, the same being part and parcel of the offense.

Appeal from the County Court of Clay. Tried below before Hon. James F. Carter, County Judge.

Appeal from a conviction of unlawfully practicing medicine; penalty, a fine of $50.

The opinion sets out the indictment.

*W. T. Allen,* for appellant, cited Acts 1901, p. 14, sec. 8; Rice v. State, 38 S. W. Rep., 801.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of unlawfully practicing medicine, and his punishment assessed at a fine of $50.

The charging part of the indictment is as follows: "That J. M. Salter, on one hundred successive days thereafter, and on or about the 1st day of April, A. D. 1902, and anterior to the presentment of this indictment, in the county and State aforesaid, did then and there unlawfully practice for pay as a regular practitioner of medicine, and as such practitioner did visit and prescribe for ten patients, without having obtained or received a certificate from the board of medical examiners for the State of Texas, or the board of eclectic medical examiners for the State of Texas, or the board of homeopathic medical examiners of the State of Texas, and without having such certificate recorded as required by law; and that said defendant had recorded in said county of Clay a diploma since January 1, 1901," etc. Appellant filed a motion to quash the indictment because it does not allege that defendant was not practicing medicine in the State of Texas prior to January 1, 1885, and

said indictment does not allege that defendant began the practice of medicine after January 1, 1885, and had not complied with the laws of this State regulating the practice of medicine in force prior to the passage of the act approved February 22, 1901. Section 8, page 14, of the Acts of the Twenty-seventh Legislature, 1901, provides: "From and after the passage of this amendment it shall be unlawful for any person to practice medicine, surgery or obstetrics in this State, except: (1) All those who were praticing medicine in Texas prior to January 1, 1885; (2) all those who began the practice of medicine in this State after the above date who have complied with the laws of this State regulating the practice of medicine, in force prior to the passage of this act;" and all other exceptions in section 8 except the fifth. Section 13, page 15, of said act, contains the provision "that this act does not apply to persons treating diseases who do not prescribe or give drugs or medicine." These, being exceptions in the act itself, become part and parcel of the offense, and must be negatived before there can be a valid indictment under this statute. Therefore we hold that appellant's motion to quash the indictment should have been sustained.

The judgment is accordingly reversed, and the prosecution ordered dismissed.

*Reversed and dismissed.*