G. A. KEITH v. THE STATE.

No. 356.   Decided March 9, 1910.

1.—Local Option—Indictment—Exception in Enacting Clause.

The Act of the Thirty-first Legislature, page 284, making it a felony to engage in the occupation of selling intoxicating liquors in local option territory, provided in the enacting clause an exception, and where the indictment merely alleged that the defendant unlawfully pursued the occupation, etc., of selling intoxicating liquors, and did not negative the fact that he was engaged in the sale of intoxicating liquors except as permitted by law, the indictment was bad on motion to quash.  State v. Duke, 42 Texas, 455, and other cases.

2.—Same—Occupation Tax—Sale of Intoxicating Liquors.

In this State an occupation tax is levied on persons selling whisky, as by law for certain purposes they are authorized to do, in local option counties and precincts.  Following Snead v. State, 55 Texas Crim. Rep., 583; 117 S. W. Rep., 983, and other cases.

Appeal from the District Court of Taylor.   Tried below before the Hon. Thomas L. Blanton.

Appeal from a violation of the local option law; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*R. W. Haynie* and *C. L. Hailey,* for appellant.—On question of insufficiency of the indictment:  Williams v. State, 37 Texas Crim. Rep., 238, 39 S. W. Rep., 664; Rice v. State, 37 Texas Crim. Rep., 36, 38 S. W. Rep., 801; Hewett v. State, 25 Texas, 722; State v. Clayton, 43 Texas, 410; State v. Duke, 42 Texas, 455.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was charged by indictment preferred in the District Court of Taylor County, on the 10th day of September, 1909, with engaging in the business and occupation of selling intoxicating liquors in said county after the sale of intoxicating liquors had been therein prohibited in accordance with law.

When the case was called for trial appellant moved to quash the indictment, because same does not charge an offense, in that it does not clearly state and allege that said defendant was engaged in and pursuing the occupation and business of selling intoxicating liquors except as permitted by law in a county in which the sale of intoxicating liquors had been prohibited under the laws of this State, in that it does not negative the fact that the sale was permitted by law. We think the indictment is subject to the objection made. It merely alleges he did then and there unlawfully engage in and pursue the occupation and business of selling intoxicating liquors in said county. It does not negative the fact that he was engaged in the sale of intoxicating liquors except as permitted by law. The Act of the Thirty-first Legislature, p. 284, creating this offense, is as follows: "If any person shall engage in or pursue the occupation or business of selling intoxicating liquors *except as permitted by law* in any county, justice precinct, city, town or subdivision of a county in which the sale of intoxicating liquors has been or shall hereafter be prohibited under the laws of this State, he or she shall be punished by confinement in the penitentiary for not less than two nor more than five years." The exception therein contained is in the enacting clause, and is essentially descriptive of the offense, and under all the authorities such exception must be negatived. State v. Duke, 42 Texas, 455; State v. Clayton, 43 Texas Crim. Rep., 410. In this State an occupation tax is levied on persons selling whisky, as by law for certain purposes they are authorized to do, in local option counties and precincts. See Laws of 1897, p. 223. And we have quite uniformly enforced the penalties provided by law for a violation of this occupation statute. Snearley v. State, 40 Texas Crim. Rep., 507; Snead v. State, 55 Texas Crim. Rep., 583, 117 S. W. Rep., 983, where all the statutes and authorities touching this matter are exhaustively considered and treated. Cunningham v. State, 52 Texas Crim. Rep., 522, and Robinson v. State, 75 S. W. Rep., 526.

Believing and holding as we do that the indictment charges no offense against the law, it becomes unnecessary to consider the other questions raised, and it is, therefore, ordered that the judgment of conviction be reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*

McCord, Judge, not sitting.