### DELLA SUTPHEN v. THE STATE.

No. 676. Decided June 1, 1910.

1.—Selling Intoxicating Liquors—Local Option—Indictment.

Where, upon trial for pursuing the business of selling intoxicating liquors in local option territory, the indictment failed to charge that any sales were made or to whom they were made or at what time, and also failed to allege that the business was not permitted by law, the same was fatally defective.

2.—Same—Exceptions—Enacting Clause—Description of Offense.

Where the exceptions are contained in the enacting clause, the same are essentially descriptive of the offense, and must be negatived.

Appeal from the District Court of Nacogdoches. Tried below before the Hon. Jas. I. Perkins.

Appeal from a conviction of unlawfully pursuing the business of selling intoxicating liquors in local option territory; penalty, five years imprisonment in the penitentiary.

The opinion states, the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—This is an appeal from a conviction for pursuing the business and occupation of selling intoxicating liquors in local option territory and the penalty assessed at five years confinement in the penitentiary.

The indictment in this case charges that the appellant on the 11th day of September, A. D. 1909, and anterior to the presentment of this indictment in the said county of Nacogdoches and State

of Texas, "did then and there engage in and pursue the occupation and business of selling intoxicating liquors, against the peace and dignity of the State," after an election had been held and it was determined that the sale of intoxicating liquors should be prohibited in said Nacogdoches County. The appellant filed a motion in arrest of judgment on the ground that the bill of indictment failed to allege a violation of law in that it failed to state that the defendant unlawfully engaged in the occupation and business and failed to charge that the same was not permitted by law in Nacogdoches County, and because the indictment failed to negative the right to pursue the business in Nacogdoches County. We are of opinion that the bill of indictment is fatally defective in failing to charge that any sales were made, in failing to set out to whom the sales were made, or the time of the sales, and also in failing to state that the business was not permitted by law. In the case of Keith v. State, 126 S. W., 569, we held that in a prosecution for a violation of the Act of the Thirty-first Legislature, chap. 15, providing a punishment for the carrying on of the business or occupation of selling intoxicating liquors in any district where their sale is prohibited, the indictment must negative the fact that the sale was permitted by law. In that case, as well as this, the indictment merely alleges that the defendant did then and there unlawfully engage in and pursue the occupation and business of selling intoxicating liquors in said county and failed to negative the fact that he was engaged in the sale of intoxicating liquors, except as permitted by law. We further held in that case that the exception being contained in the enacting clause the same was essentially descriptive of the offense and under all the authorities such exception must be negatived. The bill of indictment should have further alleged that there were sales made and the time of the sales as well as to parties to whom the sales were made. See Fitch v. State and Mizell v. State, decided at this term and not yet reported.

The indictment being fatally defective, the case is reversed and dismissed.

*Reversed and dismissed.*