### RIGGINS v. STATE.

(Court of Criminal Appeals of Texas. Feb. 22, 1911.)

INTOXICATING LIQUORS (§ 204*)—SUFFICIENCY OF INDICTMENT.

Acts 31st Leg. c. 15, § 1, makes it an offense for any person to sell intoxicating liquors in any place where the sale has been prohibited, and provides that there must be at least two sales in violation of the law proved within three years, and that the person accused must be carrying on the business in some manner not permitted by law. *Held,* that an indictment which alleges that accused was carrying on the business of selling intoxicating liquor in a territory where local option had been put into operation, but does not allege that the sales were in violation of the law, is bad.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 224; Dec. Dig. § 204.*]

Appeal from District Court, Williamson County; C. A. Wilcox, Judge.

Jasper Riggins was convicted of violating the local option law, and he appeals. Reversed, and prosecution dismissed.

J. F. Taulbee and D. W. Wilcox, for appellant. John A. Mobley, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was indicted under a charge for violating the local option law in precinct No. 1 of Williamson county. The indictment charges him with engaging in and pursuing the business of selling intoxicating liquors in that precinct.

The statute under which the indictment was framed is found in the Acts of the 31st Legislature, p. 284, section 1 of which reads as follows: "If any person shall engage in or pursue the occupation or business of selling intoxicating liquors except as permitted by law, in any county, justice precinct, city, town or subdivision of a county in which the sale of intoxicating liquor has been or shall hereafter be prohibited under the laws of this state, he or she shall be punished by confinement in the penitentiary not less than two, nor more than five years." There is another clause of the law which provides that in cases of this character there must be at least two sales proved within three years, and these must be in violation of the law. The statute under which this indictment was framed provides that in order to violate this statute he must be carrying on the business in some manner not permitted by law.

The indictment in this case nowhere makes the statement that appellant was violating the law either generally or specifically. It does allege that he was carrying on the business in a territory where local option had been put into operation, but it nowhere alleges the sales in violation of the law. There are ways by which sales of intoxicating liquors occur in local option territory without a violation of the statute. Under none of the authorities is the indictment in this case sufficient.

The judgment is reversed, and the prosecution is dismissed.