### KID ROBERTS v. THE STATE.

#### No. 1588.   Decided February 28, 1912.

#### Reported March, 1912.

**1.—Occupation—Selling Intoxicating Liquors—Local Option—Indictment.**

Where, upon trial of unlawfully pursuing the occupation of selling intoxicating liquors in local option territory, the indictment followed approved precedent, the same was sufficient. Following Slack v. State, 61 Texas Crim. Rep., 372, and other cases.

**2.—Same—Insufficiency of the Evidence—Local Option Law—Election.**

Where, upon trial of unlawfully pursuing the occupation of selling intoxicating liquors in local option territory, the orders of the Commissioner's Court failed to show for what purpose the local option election was held and the result of said election, and did not show that the local option law was in force in the county of the prosecution, nor did the certificate of publication show these facts, the conviction could not be sustained.

**3.—Same—Name of Purchaser—Variance.**

Where, upon trial of unlawfully following the occupation of selling intoxicating liquors in local option territory, the evidence showed that there was a fatal variance in the name of one of the alleged purchasers, the conviction could not be sustained.

Appeal from the District Court of Collin. Tried below before the Hon. J. M. Pearson.

Appeal from a conviction of unlawfully pursuing the occupation of selling intoxicating liquors in local option territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Wallace Houghston,* for appellant.—On question of insufficiency of indictment: Cases cited in opinion.

On question of variance: Milontree v. State, 16 S. W. Rep., 764.

*C. E. Lane,* Assistant Attorney-General, for the State.—Cited cases in opinion.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of engaging in the business of selling intoxicating liquor in Collin County.

1. His first contention is that the indictment is not sufficient to charge him with a violation of the statute. Under decisions he cites his contention is correct. Keith v. State, 58 Texas Crim. Rep., 418, 126 S. W. Rep., 569; Sutphen v. State, 59 Texas Crim. Rep., 500, 129 S. W. Rep., 144; Mizell v. State, 59 Texas Crim. Rep., 226, 128 S. W. Rep., 125; Riggins v. State, 61 Texas Crim. Rep., 311, 135 S. W. Rep., 126; Chapa v. State, 60 Texas Crim. Rep., 365, 132 S. W. Rep., 127; Fitch v. State, 58 Texas Crim. Rep., 366, 127 S. W. Rep., 1040. My brethren, however, have overruled these decisions in Slack v. State, 61 Texas Crim. Rep., 372, 136 S. W. Rep., 1073; Bell v. State, 62 Texas Crim. Rep., 242, 137 S. W. Rep., 670; Dozier v. State, 62 Texas Crim. Rep., 258, 137 S. W. Rep., 679. Under these later decisions this question will be decided adversely to appellant's contention, and the indictment held sufficient. The writer's views have been sufficiently expressed in the dissenting opinions in Slack, Bell and Dozier cases, supra. It is unnecessary to discuss the matter further.

2. Another proposition is urged for reversal, to wit, the evidence does not show that local option was in effect in Collin County at the time appellant is charged with pursuing the occupation and engaged in the business of selling the intoxicants. The record shows the deputy clerk testified that the volumes shown him, were volumes 10 and 11 of the Commissioners Court minutes, contained an order for a local option election in Collin County, including the petition, which began on page 370 of volume 11 and continued to page 373. The State further offered in evidence the order declaring the result of the local option election as found on page 521 of volume 11 of the Commissioners Court record; also the certificate of the county judge found on pages 540 to 541 of volume 11 of the Commissioners Court records; also offered and read in evidence the minutes of the Commissioners Court's order for a local option election, beginning on page 33 of volume 10, and including page 40. The State also offered and read in evidence the order declaring the result of the election, beginning on page 54 of volume 10 of the minutes and continuing to page 55. Also offered and read in evidence the order of the court, beginning on page 368, volume 10, of the minutes of said Commissioners Court; also offered and read in evidence the judge's certificate of the local option election, found on page 96, volume 10, of the minutes of said Commissioners Court; and, lastly, offered and read in evidence the date of the certificate of publication by the county judge, showing the date of the first local option election May 1, 1902, and certificate of the county judge showing the last election was dated September 3, 1907. This is the record in regard to a local option election.

It does not state for what purpose the local option election was held, whether for the prevention of the sale of intoxicants or stock running at large. Nor do the minutes show, as found in the tran-

script, the result of the election, whether it was favorable or unfavorable. The statute provides that when a local option election has been held, the court shall declare the result. It further provides that the order of the court declaring the result and prohibiting the sale of said liquor shall be published for four successive weeks in some newspaper published in the county wherein such election has been held, which newspaper shall be selected by the county judge for that purpose. It further provides how the publication shall be had in case there be no·newspaper published in the county, and that the publication in either mode shall be entered by the county judge on the minutes of the Commisioners Court. It also provides that entry thus made or copy thereof certified under the hand and seal of the clerk of the County Court shall be held sufficient prima facie evidence of such fact of publication. Under the statute before the local option law can be put into effect, it must be favorable to prohibition, and the evidence before the court must show that fact. The order declaring the result of the election must set out whether it was favorable or unfavorable, and the publication of the fact must also show whether favorable or unfavorable. This statute does not limit the publication or certificate of the county judge to cases wherein the election resulted favorably to the law. Whatever may be the result, the publication must be made. We are of opinion, therefore, the evidence in the record does not show that the local option law was in vogue in that county. Revised Statutes, articles 3391-3394. If the certificate of the county judge certifying the publication was in the record, and that certificate was to the effect that the law had carried and had been duly published, it would have been prima facie evidence of the fact that all requisite steps had been taken to place the law in force.

There is another question in the case. The indictment charges a sale of intoxicants to two different persons, one of whom was alleged to be Joy Benge. His name was George and not Joy, and on cross-examination he testified that his name was George and not Joy. He stated that he was called Joy by three persons, but that his name was not Joy. It is necessary to allege the name of the purchaser, and in case it is not known, that fact must be stated, or if he is commonly known by some other than his real name, that will be sufficient. We are of opinion that the fact that three persons called him Joy is not sufficient to constitute the fact that he was commonly known as Joy, or that he was as well known by the name of Joy as by his real name George. It is not necessary to cite the authorities on this question.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

[This case did not reach the hands of the Reporter until March, 1912.—Reporter.]